ANTHONY FLORA *vs.* FRANCESCO VIERA FLORA.

JANUARY 22, 1940.

PRESENT: Flynn, C. J., Moss, Baker and Condon, JJ.

BAKER, J. This is a petition for divorce which is before this court on the motion of the respondent to dismiss the petitioner's bill of exceptions.

In support of her motion, the respondent urges that the petitioner failed to follow the proper and necessary procedure, as set out in the statute, in order to correctly prosecute his bill of exceptions to this court, and that the

justice of the superior court, under the circumstances of the case, had no jurisdiction to allow such bill of exceptions and the transcript of the evidence.

It appears from the papers herein that the petition was heard in the superior court and decided adversely to the petitioner, who then filed his notice of intention to prosecute his bill of exceptions. The trial justice thereupon fixed a time for the filing of such bill of exceptions and the transcript of the evidence, and thereafter, before such time had elapsed, extended it to September 18, 1939. The transcript was delivered to the petitioner's attorney August 31, 1939, but neither it nor the bill of exceptions was filed in the superior court on or before September 18, 1939.

Thereafter on October 11, 1939, the petitioner's attorney took from the papers in the case the printed form designated "Exception and Notice of Intention to Prosecute Bill of Exceptions, Etc.", upon which the previous entries had been made concerning the fixing of the time for the filing of the bill of exceptions and the transcript, and submitted such form to another justice of the superior court who, in a blank space provided on the form, made the following entry by merely filling in the dates, the remainder being printed, "Oct. 11, 1939, above time for filing extended to October 11, 1939." The petitioner's attorney then on that day filed in the office of the clerk of the superior court the petitioner's bill of exceptions and the transcript of the evidence, both of which on October 31, 1939 were duly allowed by the trial justice, after notice to the respondent and over her objection.

The statutory provision involved in this case, and which it is contended by the respondent was not followed by the petitioner, is a portion of § 5, chap. 542, G. L. 1938, reading as follows: "Second. Within such time as the court shall

fix, whether by original fixing of the time, or by extension thereof, or by a new fixing after any expiration thereof, he shall file in the office of the clerk of the superior court his bill of exceptions . . . ." Then follows a provision that, under certain specified conditions, a transcript of the evidence must also be filed in the office of the clerk with the bill of exceptions.

The above-quoted part of the section has been in its present form since chap. 2086, P. L. 1921, was passed. Under the more liberal provisions of that chapter the justice of the superior court was given authority, in the proper circumstances, to make a "new fixing". Such authority he did not have under the prior statutes, as construed by this court. The respondent here does not complain that the time was unreasonably long between the termination of the period previously fixed and the date when the "new fixing", in effect, was made; or that her position had been changed or her rights substantially or materially affected in the interim.

Her sole contention is that the petitioner's bill of exceptions was improperly allowed by the trial justice in the superior court and, therefore, should now be dismissed. She argues that the justice of that court on October 11 could not then *extend* the time for filing the bill of exceptions and the transcript because the time for so filing had already expired on September 18, without having been *extended* by any order made on or prior to that date; and that what the justice of the superior court did on October 11 did not amount to a *new fixing*, simply because his order was not so described by him.

This argument does not appeal to us. In our judgment the act of the justice of the superior court on October 11 was in substance and effect, although not so stated in terms, a new fixing after the expiration of a previous fixing, and should be so construed. This was clearly the intent and purpose of the justice and of the petitioner's attorney in

making and obtaining the order in question. The circumstances called for a new fixing, not for an extension of a period previously fixed. Such a new fixing was expressly permitted under the provisions of § 5, *supra*. Very possibly it would have been better practice and in the interest of accuracy to have stated on the printed form, by substituting writing for a portion of the printed matter, that a new fixing was being made. However, in view of all the facts and circumstances appearing herein, it is our opinion that there was a substantial compliance with the provisions of the statute involving jurisdiction; and that it would not be in the interest of justice to deprive the petitioner of whatever rights he may have, if any, under his bill of exceptions, by construing the entry in question on the printed form with the narrowness urged by the respondent.

For the reasons stated, we find that the trial justice committed no error in allowing the petitioner's bill of exceptions and transcript of evidence, and the respondent's motion to dismiss the petitioner's bill of exceptions is denied and dismissed.

*Edward M. Sullivan,* for petitioner.

*Raoul Archambault,* for respondent.